Exportaciones Del Futuro Brands, S.A. De C.V. v Authentic Brands Group, LLC (2022 NY Slip Op 00248)





Exportaciones Del Futuro Brands, S.A. De C.V. v Authentic Brands Group, LLC


2022 NY Slip Op 00248


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 655626/16 Appeal No. 15064 Case No. 2020-04211 

[*1]Exportaciones Del Futuro Brands, S.A. De C.V., Plaintiff-Appellant,
v
Authentic Brands Group, LLC, et al., Defendants-Respondents, Creative Artists Agency, LLC, et al., Defendants.


Stamell & Schager, LLP, New York (Andrew R. Goldenberg of counsel), for appellant.
Pryor Cashman LLP, New York (Jamie M. Brickell of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 1, 2020, which denied plaintiff's cross motion for summary judgment on its claim for breach of contract, and granted the motion defendants Authentic Brands Group, LLC, ABG-Thalia, LLC, TSM Designs, LLC, Thomas Mottola, and Ariadna Thalia Sodi Miranda for summary judgment dismissing the claim for breach of contract and for summary judgment on liability on their counterclaim for breach of contract to the extent any breach occurred after November 2016, unanimously affirmed, with costs.
Defendants established prima facie entitlement to summary judgment on liability on their counterclaim. According to the evidence submitted on the motion for summary judgment, defendants terminated the parties' licensing agreement after plaintiff had breached the agreement in February and March 2017 by distributing unapproved or disapproved goods and advertising. The evidence also demonstrated that the two-step approval provisions found in section 8 of the licensing agreement, placed heavy emphasis on quality control and the production of goods that adhered to defendants' standards. As a result, plaintiff's breaches of the agreement "substantially defeated the parties' contractual objective" and constituted material breaches, thus justifying defendants' termination of the contract (see Awards.com, LLC v Kinko's, Inc., 42 AD3d 178, 187 [1st Dept 2007], affd, 14 NY3d 791 [2010]). Defendants also submitted reliable evidence of their damages in the form of lost royalties (see Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83, 89 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022